**Bangladesh Bank v Rizal Commercial Banking Corp.**

2026 NY Slip Op 30712(U)

March 1, 2026

Supreme Court, New York County

Docket Number: Index No. 652051/2020

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

BANGLADESH BANK,

                                  Plaintiff,

                            - v -

RIZAL COMMERCIAL BANKING CORPORATION, MAIA
SANTOS DEGUITO, ANGELA RUTH TORRES,
LORENZO V. TAN, RAUL VICTOR B. TAN, PHILREM
SERVICE CORP., SALUD BAUTISTA, MICHAEL
BAUTISTA, KAM SIN WONG, and JOHN DOES,

                                Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652051/2020 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 051 |

**DECISION + ORDER ON
MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 051) 1067, 1068, 1069, 1070, 1071, 1072, 1073, 1074, 1075, 1076, 1077, 1078, 1079, 1080, 1081, 1083, 1084, 1095

were read on this motion to/for                      SEAL                    .

       In motion sequence 051 defendant Rizal Commercial Banking Corporation (RCBC) moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to seal/redact the following documents (*see* NYSCEF Doc. No. [NYSCEF] 1067, Order to Show Cause):

1.  PDF containing: (i) Letter to the bank regulatory agency of the Philippines (the BSP), (ii) the Poblador Bautista & Reyes Report (PBR Report), (iii) the SyCip Gorres Valayo & Co. Report (SGV Report), (iv) RCBC Board of Directors Draft Meeting Minutes, and (v) RCBC Special Committee Draft Meeting Minutes (NYSCEF 966);

2.  PDF containing: (i) Letter to BSP, (ii) PBR Report, (iii) SGV Report, (iv) RCBC Special Committee Draft Meeting Minutes, and (v) RCBC Board of Directors Draft Meeting Minutes (NYSCEF 967);

[* 1]

3. PBR Report (NYSCEF 968);

4. SGV Report (NYSCEF 969);

5. November 3, 2025 Email From Kang (NYSCEF 971[1]);

6. November 5, 2025 Email Thread (NYSCEF 973[2]);

7. December 23, 2025 Letter From Abbott (NYSCEF 975[3]);

8. Bangladesh Bank's Memorandum of Law (MOL) (NYSCEF 985[4]);

9. January 2, 2025 Email From Kang (NYSCEF 999[5]);

10. January 2, 2026 Transcript (NYSCEF 1000[6]);

11. January 3, 2026 Email From Kang (NYSCEF 1001[7]);

12. January 14, 2026 Email From Kang (NYSCEF 1004[8]);

13. August 27, 2025 Letter From Loffler (NYSCEF 1010[9]);

14. January 4, 2025 Email From Kang (NYSCEF 1011[10]); and

15. Bangladesh Bank's Reply MOL (NYSCEF 1016[11]).

Specifically, RCBC argues that good cause exists to seal/redact because the

documents contain (i) confidential attorney-client communications and/or attorney work

product, and (ii) sensitive proprietary and business information protected from

---

[1] A publicly redacted version is filed at NYSCEF 1070.
[2] A publicly redacted version is filed at NYSCEF 1071.
[3] A publicly redacted version is filed at NYSCEF 1072.
[4] A publicly redacted version is filed at NYSCEF 1073.
[5] A publicly redacted version is filed at NYSCEF 1074.
[6] A publicly redacted version is filed at NYSCEF 1075.
[7] RCBC did not include NYSCEF 1001 in its proposed OSC but includes the document in its other filings related to the sealing request. A publicly redacted version is filed at NYSCEF 1076.
[8] A publicly redacted version is filed at NYSCEF 1077.
[9] A publicly redacted version is filed at NYSCEF 1078.
[10] A publicly redacted version is filed at NYSCEF 1079.
[11] A publicly redacted version is filed at NYSCEF 1080.

[* 2]

disclosure under Philippine bank secrecy laws. (*See* NYSCEF 1081, Proposed Sealing Chart.) The motion is unopposed. There is no indication that the press or public have an interest in this matter.

**Legal Standard**

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].) The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerous statutes." (*Id.* at 349.) For example, § 216.1(a) of the Uniform Rules for Trial Courts, empowers courts to seal documents only upon a written finding of good cause. It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard." (Uniform Rules for Trial Cts [22 NYCRR] § 216.1 [a].)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks and citation omitted].)

**Discussion**

<u>NYSCEF 966, 967, 968, and 969</u>

652051/2020   BANGLADESH BANK vs. RIZAL COMMERCIAL BANKING
Motion No. 051

Page 3 of 6

[* 3]

RCBC seeks to seal NYSCEF 966, 967, 968, and 969 on the ground that these documents contain (i) confidential attorney-client communications and/or attorney work product and (ii) highly sensitive propriety and business information protected from disclosure by bank secrecy laws that "pose a concrete risk to RCBC's security and operations" if made publicly available. (NYSCEF 1081, Proposed Sealing Chart; NYSCEF 1068, MOL at 4.) Courts have sealed records that contain confidential attorney-client privileged communications. (*White Oak Commercial Fin., LLC v EIA, Inc.*, 2023 NY Slip Op 34228[U], *10 [Sup Ct, NY County 2023]; *Carlin v William Gottlieb Mgt. Co., LLC*, 2020 NY Slip Op 32353[U], *3 [Sup Ct, NY County 2020].) Similarly, courts have found that good cause exists to seal documents that contain sensitive information that could pose security concerns if disclosed. (*Matter of Crawford v New York City Dept. of Info. Tech. & Telecom.*, 43 Misc 3d 735 [Sup Ct, NY County 2014], *lv dismissed* 136 AD3d 591 [1st Dept 2016].) For these reasons, the court finds that RCBC has sufficiently demonstrated that good cause exists to seal NYSCEF 966, 967, 968, and 969.

<u>NYSCEF 971, 973, 975, 985, 999, 1000, 1001, 1004, 1010, 1011, and 1016</u>

RCBC seeks to redact NYSCEF 971, 973, 975, 985, 999, 1000, 1001, 1004, 1010, 1011, and 1016 on the ground that these documents contain confidential information protected from disclosure under Philippine bank secrecy laws, including references to regulatory investigations by the BSP and bank customer and account information. (NYSCEF 1081, Proposed Sealing Chart.) The court has previously found that RCBC has sufficiently demonstrated good cause to seal/redact documents where the filings contain or describe correspondence related to BPS's investigations of RCBC

[* 4]

and public disclosure would be a violation of the bank secrecy laws of the Philippines. (*See* NYSCEF 1042 Decision and Order [mot. seq. no. 046] at 3-4.) Moreover, § 202.5(e) of the Uniform Rules for Trial Courts, requires the parties to "omit or redact confidential personal information in papers submitted to the court for filing." (Uniform Rules for Trial Cts [22 NYCRR] § 202.5 [e].) The statute defines "confidential personal information" to include "a financial account number, including . . . a bank account number." (*Id.* § 202.5 [e] [iv].) On these grounds, the court finds that RCBC has shown good cause to redact NYSCEF 971, 973, 975, 985, 999, 1000, 1001, 1004, 1010, 1011, and 1016.

Accordingly, it is

ORDERED that motion sequence 051 is granted; and it is further

ORDERED that the County Clerk, upon service of this order, is directed to seal NYSCEF 966, 967, 968, 969, 971, 973, 975, 985, 999, 1000, 1001, 1004, 1010, 1011, and 1016; and it is further

ORDERED that the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that RCBC shall serve a copy of this order on the County Clerk in accordance with the procedures set forth in the Protocol on Courthouse County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

[* 5]

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via sfc-part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for the purposes of trial or other court proceedings on the record, e.g. arguments on motions.

| __3/1/2026__ | | | |
|---|---|---|---|
| **DATE** | | **ANDREA MASLEY, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652051/2020   BANGLADESH BANK vs. RIZAL COMMERCIAL BANKING**   Page 6 of 6
**Motion No.  051**

[* 6]